Cortez v Nugent (2019 NY Slip Op 06590)





Cortez v Nugent


2019 NY Slip Op 06590


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-10073
 (Index No. 518910/16)

[*1]Nahum Cortez, respondent, 
v
Joseph A. Nugent, et al., appellants.


Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
Steinberg & Gruber, Garden City, NY (Hermann P. Gruber of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated May 23, 2018. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Nahum Cortez, commenced this action to recover damages for injuries he alleged occurred in November 2015 when he was struck by a vehicle driven by the defendant Joseph A. Nugent and owned by the defendant Roman Catholic Diocese of Brooklyn and Queens (hereinafter together the defendants). At the time of the accident, the plaintiff was riding a bicycle at the intersection of 2nd Avenue and 14th Street in Brooklyn. He alleged, inter alia, injuries to the cervical region of his spine, and to his right shoulder.
The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated May 23, 2018, the Supreme Court, inter alia, denied the defendants' motion, finding that the plaintiff raised triable issues of fact as to whether he sustained any serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). The defendants appeal. We affirm.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957) by submitting competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine and to the plaintiff's right shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). However, in opposition, the plaintiff submitted evidence raising triable issues of fact as to whether he sustained serious injuries to the cervical region of his spine and/or to his right shoulder (see Perl v Meher, 18 NY3d [*2]208, 218-219).
Since the defendants' expert conceded that, "[b]ased on the history as given by the claimant and the physical examination, the resolved injuries are causally related to the accident," the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation, or to explain any gap in treatment (see generally Pommells v Perez, 4 NY3d 566, 572).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court